IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Leigh Albers,<br>          Plaintiff,<br><br>Vs.<br><br>Finkel Law Firm, LLC., and Harry L. Goldberg<br><br>          Defendant. | **Complaint**<br><br>**Jury Trial Demanded**<br><br>Case No. 3:25-cv-11644-JDA |

COMES NOW Leigh Albers ("Plaintiff"), by and through her undersigned counsel, and files this Complaint against Defendants, Finkel Law Firm LLC and Harry L. Goldberg, individually, showing this Honorable Court as follows:

### INTRODUCTION

1. This lawsuit is about an employer, the Defendants, who took advantage of an employee, the Plaintiff, by promising the employee wages, but not paying the wages after the work was performed.

2. Ms. Leigh Albers ("Plaintiff") is a lifelong resident of South Carolina and has been working in the legal field as a non-lawyer employee for over 40 years.

3. The Finkel Law Firm, LLC is a law firm with offices in Columbia and Charleston.

4. The Plaintiff worked for the Defendants for approximately 30 years.

5. In 2025, the Defendants stopped paying the Plaintiff her wages, even though she was asked to keep coming to work.

6. The Plaintiff had to find a new job because of the Defendants' failure to pay wages.

1

7.     The Plaintiff has experienced financial hardship because of the Defendant's failure to pay wages.

8.     This is a lawsuit under the Fair Labor Standards Act, the South Carolina Failure to Pay Wages Act, the South Carolina Unfair Trade Practices Act, under the causes of action at law of Fraud, and Conversion, and under the equitable causes of action of Unjust Enrichment, Quasi-Contract, and Quantum Meruit.

9.     This lawsuit is about a powerful law firm taking advantage of the people who kept it running.

## **PARTIES, JURISDICTION, AND VENUE**

10.    Plaintiff Leigh Albers is a resident of Lexington County, South Carolina.

11.    Defendant Finkel Law Firm LLC ("Finkel Law Firm") is a South Carolina limited liability company with its principal place of business at 1201 Man Street, Suite 1800, Columbia, South Carolina 29201.

12.    Upon information and belief, Defendant Harry L. Goldberg ("Goldberg") is a citizen and resident of South Carolina.

13.    Upon information and belief, Goldberg is a managing member of the Finkel Law Firm and exercises operation control over the firm, including direct responsibility for financial decisions including the payment of wages to employees.

14.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA").

15.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims occurred in this District and Division, and Defendants maintain their principal place of business in this District and Division.

## FACTS

17. Ms. Albers was an employee of Finkel Law Firm, LLC from 1995 through July 23, 2025.

18. At all times relevant to this Complaint, Plaintiff was an "employee" as defined by the FLSA, 29 U.S.C. §203(e)(1), and the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(2).

19. At all times relevant to this Complaint, Finkel Law Firm was an "employer" as defined by the FLSA, 29 U.S.C. § 203(d), and the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

20. Upon information and belief, at all times relevant to this Complaint, Defendant Goldberg was an "employer" as defined by the FLSA, 29 U.S.C. § 203(d), as he acted directly in the interest of Finkel Law Firm in relation to the firm's employees, including Plaintiff.

21. Ms. Albers had a thirty-year, satisfactory employment history with Finkel Law Firm.

22. Ms. Albers worked for an hourly rate that was agreed upon by both parties.

23. As part of her pay and benefits package, Leigh Albers participated in a Savings Incentive Match Plan for Employees Individual Retirement Account (SIMPLE IRA) through The Finkel Law Firm LLC.

24. The Finkel Law Firm would match Ms. Albers' contributions to the SIMPLE IRA up to a certain percentage.

25. The Defendants promised to withhold a percentage of Ms. Albers's income and promised to match the withholdings, up to 3% of her pay, for contribution to the SIMPLE IRA for Ms. Albers's benefit.

26. Starting in February 2024, the Defendants were taking the employee contributions to the SIMPLE IRA out of the Plaintiff's paycheck, but not contributing the employer contributions or employee contributions to the SIMPLE IRA.

27. Upon information and belief, it appears that The Finkel Law Firm has been operating under a financial strain recently as evidenced by the following lawsuits against the Finkel Law Firm:

    a. <u>T.D. Bank N.A. v. Finkel Law Firm</u>, LLC, *et al*, 2025CP4002310 (Richland County, SC Court of Common Pleas).

    b. <u>Ameris Bank, Through Its Division Balboa Capital Corporation V. Finkel Law Firm, LLC,</u> *et al*, 2025CP4004567 (Richland County, SC Court of Common Pleas).

    c. <u>Hamilton Capitol Center, LLC v. Finkel Law Firm, LLC</u>, 2025CV4010302161 (Richland County, SC Magistrate Court).

28. At the end of 2024, the Defendants began paying the Plaintiff her take home wages late.

29. The Plaintiff received her wages for December 8, 2024, through December 21, 2024, on January 9, 2024.

30. The Plaintiff received her wages for December 22, 2024, through January 2, 2025, on February 10, 2025.

31. The money received on February 10, 2025, was supposed to have been paid on January 10, 2025.

32. The Plaintiff received her wages for January 5, 2025, to January 18, 2025, on February 21, 2025.

33. The Plaintiff received her wages for January 19, 2025, to February 1, 2025, on April 24, 2025.

34. At some point after April 24, 2025, the Defendant received a paper check for $500.

35. On May 5, 2025, the Defendant received four direct deposits in her bank account.

36. The Plaintiff received a direct deposit of $1343.05, check number 12990, with a paystub reflecting a pay period of May 5, 2025, to May 5, 2025. The pay stub reflects that $250 of the $500 provided to the Plaintiff by the Defendants after April 24, 2025 via paper check, was deducted from pay check 12990.

37. The Plaintiff believes that check number 12990 was for the pay period of February 2, 2025, to February 15, 2025.

38. The Plaintiff received a direct deposit of $1371.25, check number 12991, with a paystub reflecting a pay period of May 5, 2025, to May 5, 2025. The pay stub reflects that $250 of the $500 provided to the Plaintiff by the Defendants after April 24, 2025 via paper check, was deducted from pay check 12991.

39. The Plaintiff believes that check number 12991 was for the pay period of February 16, 2025, to March 1, 2025.

40. The Plaintiff received a direct deposit of $1597.80, check number 12992, with a paystub reflecting a pay period of May 5, 2025, to May 5, 2025.

41. The Plaintiff believes that check number 12992 was for the pay period of March 2, 2025 to March 15, 2025.

42. The Plaintiff received a direct deposit of $1591.20, check number 12993, with a paystub reflecting a pay period of May 5, 2025, to May 5, 2025.

43. The Plaintiff believes that check number 12993 was for the pay period of March 16, 2025, to March 29, 2025.

44. The Plaintiff received a direct deposit of $1617.10, check number 13077, with a pay stub reflecting a pay period of March 30, 2025, to April 12, 2025.

45. The Plaintiff received a direct deposit of $1759.12.10, check number 13094, with a paystub reflecting a pay period of April 13, 2025, to April 26, 2025.

46. The Plaintiff's last regular day of employment was July 21, 2025. She worked an additional day on July 23, 2025 to ensure an Attorney at the firm was ready for a court proceeding.

47. The Plaintiff never received payment from her dates of employment for pay periods after April 26, 2025 until the end of her employment with the Defendants.

48. The Plaintiff believes that she is owed approximately 495.58 hours of pay for the pay periods after April 26, 2025.

49. The Plaintiff is owed both her missing take home wages, but also her contributions to the SIMPLE IRA and the Defendant's contributions to the SIMPLE IRA.

50. The Defendant did not deposit the withheld wages into a retirement account for at least a year.

51. The Defendant did not deposit matching funds into a retirement account as agreed by the parties.

52. On June 11, 2025, Plaintiff was paid and believes that this was for the period of March 30- April 12, 2025.

53. On July 11, 2025, Plaintiff was paid and believes that the amount paid was for the period of April 13- April 26, 2025.

54. Ms. Albers was not paid for the work she performed for the pay periods after April 26, 2025.

55. Ms. Albers continued to work for Finkel Law Firm until July 2025 under the promise and expectation that wages due would be paid.

56. Ms. Albers communicated with at least one member of Finkel Law Firm management and addressed concerns regarding non-payment of wages multiple times and was assured that she would be paid.

57. In reliance on those assertions, Ms. Albers continued in her employment with Finkel Law Firm.

58. Ms. Albers voluntarily separated from her employment in July of 2025 after not being paid and no evidence that pay was forthcoming.

## FOR A FIRST CAUSE OF ACTION

### Violation of the Fair Labor Standards Act

59. The Plaintiff incorporates by reference all preceding paragraphs and allegations within the Complaint as though fully set forth herein.

60. At all times relevant to this Complaint, Defendants were engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

61. Pursuant to Section 206 of the FLSA, every employer engaged in commerce must pay its employees the minimum wage. 29 U.S.C. § 206.

62. While the FLSA does not explicitly state when wages must be paid, courts have consistently held that wages are due on the next regular pay date. See *Brooklyn Sav. Bank v.*

*O'Neil*, 324 U.S. 697, 707 (1945); see also *Roland Electrical Co. v. Black*, 163 F.2d 417, 418 (4th Cir. 1947) ("if [an employer] fails to pay overtime compensation promptly and when due on any regular payment date, the statutory action for the unpaid minimum and liquidated damages…. immediately arises in favor of the aggrieved employee").

63. Defendants failed to pay Plaintiff her earned wages on the regular pay dates of December 27, 2024, January 10, 2025, January 24, 2025, February 7, 2025, February 14, 2025, February 28, 2025, March 14, 2025, March 28, 2025, April 11, 2025, and April 25, 2025. in violation of the FLSA.

64. Defendants did not pay Plaintiff or put to her account the SIMPLE IRA portion of her earned wages beginning at some point in February 2024, in further violation of FLSA.

65. Defendants did not pay Plaintiff her earned wages after April 26, 2025, in further violation of FLSA.

66. Defendants' failure to pay Plaintiff's earned wages was willful and not in good faith.

67. As a result of Defendants' violations of the FLSA, Plaintiff is entitled to recover from Defendants, jointly and severally:

    a. Liquidated damages in an amount equal to her unpaid minimum wages and overtime compensation due;

    b. Reasonable attorneys' fees and costs; and

    c. All other appropriate relief.

**FOR A SECOND CAUSE OF ACTION**

**Failure to Pay Wages under South Carolina Payment of Wages Act - S.C Code §41-10-80(C)**

68. The Plaintiff incorporates by reference all preceding paragraphs and allegations within the Complaint as though fully set forth herein.

69. Defendant is an employer as defined by S.C. Code §41-10-10(1) and has always employed more than five employees over the preceding twelve months in accordance with S.C. Code §41-10-20(2).

70. Defendant historically paid Plaintiff by direct deposit in accordance with S.C. Code §41-10-40.

71. Defendant failed to pay Plaintiff for at least five pay periods in violation of S.C. Code §41-10-40(D).

72. The Plaintiff is informed and believes that she is entitled to a judgement against the Defendant in such sum of actual and punitive damages that a trier of fact may determine, along with the costs of this action, legal fees, and for such other relief as this Court may deem just and proper.

## FOR A THIRD CAUSE OF ACTION

**South Carolina Unfair Trade Practices Act S.C. Code §39-5-10, et seq.**

73. The Defendants incorporate by reference all preceding paragraphs and allegations within the Complaint as though fully set forth herein.

74. The Defendant has engaged in unfair and deceptive acts in the conduct of trade or commerce by knowingly mis-stating the financial position of the Defendant to the Plaintiff.

75. The Defendant allowed clients to believe that employees of the Defendant law firm were being paid for their labor and benefited from that labor without compensation.

76. The Defendant's conduct and actions have the potential for repetition and have been repeated.

9

77.     Upon information and belief, the Defendants were previously sued for similar conduct in von Keller v. Finkel Law Firm LLC et al, 3:25-cv-03868 (D. S.C.).

78.     Upon information and belief, the Defendants were previously sued for similar conduct in Floyd v. Finkel Law Firm LLC, et al, 3:25-cv-11557 (D. S.C.).

79.     The Defendant's unfair and deceptive acts were willful, offensive to public policy, immoral, unethical, and oppressive.

80.     The Plaintiff has suffered actual and ascertainable damages because of the Defendants' unfair and deceptive trade practices.

81.     The Plaintiff is entitled to judgment in an amount to be determined at trial together with prejudgment interest, treble damages, attorney's fees, and the costs and fees associated with her action.

## FOR A FOURTH CAUSE OF ACTION

### Fraud

82.     The Plaintiff incorporates by reference all preceding paragraphs and allegations within the Complaint as though fully set forth herein.

83.     The Defendant represented to the Plaintiff that funds would be withheld from regular pay and deposited into a retirement account along with a matching contribution by the Defendant, for the benefit of the Plaintiff.

84.     The Defendant did not deposit the withheld funds, nor did the Defendant match the withholdings for contribution.

85.     The representation by the Defendant was material to the Plaintiff's agreement to allow the Defendant to withhold a portion of the Plaintiff's pay.

86. The representation of the Defendant was made to induce the Plaintiff to voluntarily contribute a portion of her pay.

87. The Plaintiff was unaware that the Defendant was not contributing the withheld pay or the matching contribution to the retirement fund as promised.

88. The Plaintiff continued to work and allow the withholdings in reliance on the promise of a funded retirement account.

89. The Plaintiff was justified in her reliance on the representations of the Defendant that a retirement account existed for her benefit.

90. The Plaintiff has suffered damage because of the failure to fund the retirement account through the loss of realized wages, anticipatory retirement earnings with interest, and the failure of the Defendants to match the contributions of the Plaintiff.

91. The Defendants represented that payment would be coming for all the pay periods that the Plaintiff worked for the Defendants.

92. The Plaintiff has yet to receive payment for all of the pay periods that the Plaintiff worked for the Defendants.

93. The Defendants have yet to make payments for all of the pay periods that the Plaintiff worked for the Defendants.

94. The representation of the Defendants that the Defendants would pay the Plaintiff for all of the pay periods the Plaintiff worked was material to induce the Plaintiff to work for the Defendants.

95. The Plaintiff was unaware that the Defendants would not pay her for all the pay periods the Plaintiffs worked as promised.

96. The Plaintiff was justified in her reliance on the representations of the Defendants that the Plaintiff would be paid for all the pay periods the Plaintiff worked.

97. The Plaintiff suffered damage because of the failure of the Defendants to pay the Plaintiff for all the pay periods the Plaintiff worked.

98. The Plaintiff is entitled to judgment in an amount to be determined at trial together with pretrial interests and any other relief that this Court may deem just and proper.

### FOR A FIFTH CAUSE OF ACTION

#### Conversion

99. The Plaintiff incorporates by reference all preceding paragraphs and allegations within the Complaint as though fully set forth herein.

100. The Plaintiff provided value by working for the Defendant in exchange for agreed upon wages.

101. The Plaintiff's wages reflect withholdings for retirement benefits that were removed by the Defendants.

102. The Defendants failed to deposit those withholdings into the retirement fund along with the matched funds.

103. The Defendants' failure to deposit the money into the retirement fund has deprived the Plaintiff of valuable property.

104. The Plaintiff is entitled to judgment in an amount to be determined at trial together with pretrial interests and any other relief that this Court may deem just and proper.

### FOR A SIXTH CAUSE OF ACTION

#### Unjust Enrichment

105.    The Plaintiff incorporates by reference all preceding paragraphs and allegations within the Complaint as though fully set forth herein.

106.    The Defendants benefited from the labor of Ms. Albers by continuing to perform legal services.

107.    The Plaintiff was unable to exchange her labor for valuable consideration to an alternative employer due to her employment with the Defendants.

108.    The Plaintiff and Defendants did not have a written contract of employment and there is no justification for the Defendants to receive the benefit of the Plaintiff's labor without compensation

109.    Plaintiff is informed and believes that she is entitled to a judgment against the Defendants in such sum of actual damages that a trier of fact may determine, together with the costs of this action, and for such relief as this Court may deem just and proper.

## FOR A SEVENTH CAUSE OF ACTION

### Quasi Contract

110.    The Plaintiff incorporates by reference all preceding paragraphs and allegations within the Complaint as though fully set forth herein.

111.    The Plaintiff conferred significant and demonstrable benefit to the Defendants by continuing to work even after wages had not been paid.

112.    The Defendants, through its agent, acknowledged the benefit conferred by expressing an intent to pay past due wages.

113.    The Defendants allowed the Plaintiff to continue in her employment despite the failure to pay past due wages and has retained the benefit of that labor without any effort to compensate the Plaintiff.

114. The Plaintiff is entitled to judgment in an amount to be determined at trial together with pretrial interests and any other relief that this Court may deem just and proper.

## FOR AN EIGHTH CAUSE OF ACTION

### Quantum Meruit

115. The Plaintiff incorporates by reference all preceding paragraphs and allegations within the Complaint as though fully set forth herein.

116. The Plaintiff continued to provide a benefit to the Defendants through client relationships, hourly billings, and work product even after the Defendants stopped paying wages.

117. Defendants have realized the benefits of the work of the Plaintiff.

118. Defendants will unjustly retain the benefits of the employment of Plaintiff.

119. Plaintiff anticipated compensation in exchange for the benefit of her labor that had been conferred upon the Defendants.

120. The Plaintiff is entitled to judgment in an amount to be determined at trial together with pretrial interests and any other relief that this Court may deem just and proper.

## JURY TRIAL DEMANDED

The Plaintiff hereby demands a Trial by Jury.

## PRAYER FOR RELIEF

WHEREFORE, now comes the Defendant in this action by and through their attorneys, who pray for the following relief from the Plaintiff:

1. Actual damages to include, but not limited to:
    a. Back pay for all periods worked but not compensated in the amount to be determined by this court,

14

b. Reimbursement with interest for retirement funds that were withheld from pay in addition to the agreed upon matching payments by Defendant,

c. Treble damages as allowed under the South Carolina Unfair Trade Practices Act in S.C. Code §39-5-140(a),

d. Treble damages as allowed under the South Carolina Payment of Wages Act in S.C. Code §41-10-80(C),

e. Liquidated damages equal to the amount of Plaintiff's savings and retirements funds withdrawn to remedy lost wages,

f. Reasonable attorney's fees and court costs in accordance with the South Carolina Unfair Trade Practices Act and/or the South Carolina Payment of Wages Act,

g. All other relief deemed just and proper by this Court.

I SO COMPLAIN:

S/ JUDAH N. VANSYCKEL

Judah VanSyckel (Fed. ID No. 12778)
Judah@saludalaw.com
Nathan Shirk (Fed. ID No. 14525)
Nathan@saludalaw.com
139 E. Butler St., Office 1
Lexington, SC 29072
(803) 939-6927
(803) 902-8004
*Attorneys for the Plaintiff*